### No. 146.—NORTON & MACAULEY v. JOHN O. PICKENS.

A commercial firm holding a note in favor of one of its members without indorsement, given for money loaned by the firm, can not set up that they are innocent third holders for value against the plea of failure of consideration.

APPEAL from the District Court, parish of Rapides.  Lewis, J.  E. A. Hunter, for plaintiffs and appellees.  Ryan & White, for defendant and appellant.

HOWE, J.   This suit was instituted on a promissory note for $5000, made by defendant to the order of Alexander Norton, one of the plaintiffs' firm, dated July 14, 1862, and payable twelve months thereafter.

The defense was that the note was given by defendant for a loan of Confederate States treasury notes.

The case was tried before a jury, who gave a verdict for plaintiffs for $3333 33, and from the judgment rendered upon this verdict, the defendant has appealed.

The evidence sufficiently establishes the fact that the note was given for a loan of Confederate money.   The consideration was illegal and void, and the judgment must be annulled.   19 Ann. 161, 164, 257, 283, 359; Constitution, article 127.

It is contended by plaintiffs' counsel that they are *bona fide* holders, for value and before maturity, and can not, therefore, be affected by the illegality of the consideration as between the maker and the payee. But we do not thus understand the facts.   Alexander Norton, the payee, was one of the plaintiffs' firm, the loan for which the note was given was made by plaintiffs' firm to the defendant, and the note described in the petition and copied in the record was not indorsed, and therefore never transferred by Alexander Norton to the plaintiffs, Norton & Macauley.   It is apparent, then, that Alexander Norton, when he became payee of the note, became such on behalf of the plaintiffs as part of the transaction in which the loan was made by the latter.

For the reasons given, it is ordered and adjudged that the judgment appealed from be avoided and annulled, and that the suit be dismissed at plaintiffs' costs.